UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONYX ENTERPRISES CANADA INC., | Civ. No. 23-2913 (GC)(JBD) |
| Plaintiff, | |
| v. | MEMORANDUM ORDER |
| STANISLAV ROYZENSHTEYN, *et al.*, | |
| Defendants. | |

This matter comes before the Court by way of three motions to seal filed by plaintiff Onyx Enterprises Canada Inc. ("Onyx"): (i) a motion to seal portions of and certain exhibits to the amended complaint [Dkt. 52]; (ii) a motion to seal portions of and certain exhibits to the original complaint [Dkt. 55]; and (iii) a motion to seal portions of defendants Stanislav Royzenshteyn's and Roman Gerashenko's June 12, 2024 memorandum of law in support of their motion to dismiss the first amended complaint ("MOL") [Dkt. 71]. The Court denied Onyx's earlier motions to seal without prejudice [Dkts. 11, 13, 33], and in doing so directed Onyx, among other things, to identify more clearly the materials that it sought to seal, and to identify with particularity "the legitimate private or public interest which warrant[ed] the relief sought." [Dkt. 51] at 3, 5. The Court also explicitly warned that Onyx would not be permitted simply to rely on "orders to seal the same or similar information" that a state court previously entered, or to "simply note that the materials [Onyx] seeks to seal are subject to a discovery confidentiality order." *Id.* at 3. Although Onyx's renewed motions to seal address the Court's procedural and clarity concerns,

they do not satisfy the Court in substance that the materials warrant sealing. For the reasons set forth below, the Court will terminate the motions and permit Onyx to submit supplemental materials that address the Court's concerns.

"The public right of access to judicial proceedings and records is integral and essential to the integrity of the judiciary." *Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F. Supp. 3d 544, 557 (W.D. Pa. 2014). There is a "strong presumption" of public access to judicial records, and the Court has an "inherent obligation to review and supervise the files being placed on its docket and a concomitant obligation to assure that the use of its authority to keep matters from public scrutiny properly is being employed." *Id.* at 557-58.

In accordance with these principles, Local Civil Rule 5.3(c) requires a movant seeking to seal materials filed on the docket to "describe[e] with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3)(a)-(f). The motion must also contain a proposed order that includes findings on the factors set forth in Local Civil Rule 5.3(c)(3) "as well as other findings required by law." L. Civ. R. 5.3(c)(6).

Here, the sole bases that Onyx offers for permanently sealing the subject materials continue to be that the materials are subject to confidentiality orders and

2

that they contain information that has been sealed or redacted pursuant to prior orders to seal entered in 2020 by the Superior Court of New Jersey, Chancery Division, in the pending action captioned *Stanislav Royzenshteyn, et al. v. Prashant Pathak, et al.*, Docket No. MON-C-45-18. [Dkt. 52-1] ¶¶ 3-4; [Dkt. 55-1] ¶¶ 3-4; [Dkt. 71-1] ¶¶ 3-4.

More specifically, Onyx argues that the "legitimate private or public interest which warrants the relief sought" is that sealing the materials will allow the parties to comply with the prior state court sealing orders, and that "[p]ublic dissemination would expose [Onyx] to sanctions from violating Orders to Seal and/or confidentiality orders." [Dkt. 52-12] at 1. Onyx also asserts that the redacted portions of the MOL "are subject to a non-disclosure agreement with Legacy Acquisition Corp," [Dkt. 71-1] ¶ 5, and Onyx vaguely states that the redacted portions of the amended complaint refer to "sensitive financial and business information, and/or communications between non-litigants that was never intended to be public," [Dkt. 52-12] at 1.

As for the clearly defined and serious injury that would result if the relief is not granted, Onyx asserts that one or more of the parties "could be subject to consequences" in the state court action if "forced to contravene those orders to carry its burden of proof in this present action," and that the parties do "not want to be in derogation of an order in another jurisdiction." [Dkt. 52-1] ¶ 6; [Dkt. 52-12] at 2-6; *see also* [Dkt. 55-1] ¶ 6; [Dkt. 55-13] at 2-6; [Dkt. 71-1] ¶ 6; [Dkt. 71-4]. Onyx also asserts that it would breach the confidentiality agreement if portions of the MOL

3

are not sealed, which "would likely expose [Onyx] to injury, in the form of additional litigation." [Dkt. 71-1] ¶ 6.

These are not sufficient bases for this Court to permanently seal materials in this federal action. Neither the papers submitted in support of the motions nor the state court sealing orders (which the court issued four years ago) "describ[e] with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; [or] (c) the clearly defined and serious injury that would result if the relief sought is not granted." L. Civ. R. 5.3(c)(3).

First, the state court orders to seal note only that the materials at issue "contain[] terms of potential transactions involving Onyx Enterprises Int'l Corp . . . that are subject to Confidentiality Agreements and Non-Disclosure Agreements between Onyx [Enterprises Int'l Corp] and non-parties to [the state court] litigation." [Dkt. 52-11] at 3, 5, 7; [Dkt. 55-12] at 3, 5, 7; [Dkt.71-3] at 3, 5, 7. No findings of fact or conclusions of law are set forth in the state court orders to seal, so this Court has no way of knowing the reasons or bases on which the state court issued the prior orders. Those orders do not balance the underlying public or private interests in sealing the materials at issue, or the injury to the parties that would likely result if the materials are not sealed. *Cf. E.H.F. v. E.F.F.*, Civ. No. 23-3526 (MAS), 2024 WL 99314, at *1 (D.N.J. Jan. 9, 2024) (denying a motion to seal in a federal case where the movant relied solely on state court orders sealing the underlying state court case, and did not explain to the Court "the private or public

4

interests implicated" in his request, or any of the other factors set forth in Local Civil Rule 5.3(c)).

Second, the fact that portions of the materials that Onyx seeks to seal are subject to a confidentiality and/or non-disclosure agreements is not sufficient, by itself, to warrant sealing the materials. *See, e.g.*, *Tatum v. Chrysler Grp., LLC*, Civ. Nos. 10-4269 (ES), 12-1797 (ES), 13-2391(ES), 2013 WL 12152408, at *4 (D.N.J. Aug. 21, 2013) (quoting *Vista India, Inc. v. RAAGA, LLC*, Civ. No. 07-1262, 2008 WL 834399, at *4 (D.N.J. Mar. 27, 2008)) (noting that "just because a document is marked confidential and subject to a protective order does not automatically mean a document can be sealed. The document must still satisfy the standard set forth in Rule 5.3").[1]

Onyx, as the movant, bears the burden of demonstrating to this Court "that 'good cause' exists to overcome the presumption in favor of public access." *Bowker v. Midland Funding*, LLC, Civ. No. 18-11320 (SDW), 2020 WL 6042248, at *1 (D.N.J. Oct. 13, 2020) (citing *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-4394 (RBK), 2006 WL 827889 (D.N.J. Mar. 30, 2006)). The fact that the materials are subject to confidentiality and/or non-disclosure agreements is not sufficient by itself, and the Court is not satisfied at this juncture with Onyx's reliance on state

---

[1] Although Onyx asserts that two exhibits and portions of the complaint and amended complaint, as well as the MOL, include or reference a letter of intent to purchase Onyx Enterprises International, Inc. that is subject to a non-disclosure agreement with Legacy Acquisition Corp., it does not provide any particular facts regarding harm that may result if the materials are not sealed and the Court cannot surmise what the underlying harm may be. *See* [Dkt. 52-1] ¶ 5; [Dkt. 55-1] ¶ 5; [Dkt. 71-1] ¶ 5.

5

court orders that do not themselves contain any analysis or satisfy the stringent standard that Local Civil Rule 5.3(c) imposes.  Onyx must describe to *this* Court "with particularity" the "legitimate private or public interest which warrants the relief sought" and "the clearly defined and serious injury that would result if the relief sought is not granted." *See Osteotech, Inc. v. Regeneration Technologies, Inc.*, Civ. No. 06-4249 (FLW), 2008 WL 370928, at *1 (D.N.J. Feb. 11, 2008) (stating that "while the Court can imagine the competitive damage that would befall [the parties] if its confidential information is disclosed, it cannot presume such injury, but rather [the movant] bears the burden of setting forth what that injury is"); *Bowker*, 2020 WL 6042248, at *2 (granting a motion to seal after determining that the movant's "initial and supplemental declarations discuss the damage to Defendants' businesses she believes would result from denial" of the motion).[2]

All that said, the Court does not foreclose the possibility that some of the information that Onyx seeks to seal warrants sealing.  The Court will therefore terminate the motions, and will permit Onyx one final opportunity to file a supplement to its motions—a declaration, letter, brief, or other document will suffice—specifically addressing the deficiencies that the Court has identified above, specifically identifying the private or public interests implicated, and specifically

---

[2] For that reason, the Court rejects Onyx's argument that the Court should give blind "full faith and credit" to the state court orders to seal.  Dkt. [52-1] ¶ 4; [Dkt. 55-1] ¶ 4; [Dkt. 71-1] ¶ 4.  This Court must "determine whether the sensitivity of the information meets the high burden of sealing under the conditions of this case as they currently exist, rather than blindly relying on a prior sealing order." *Emmanouil v. Roggio*, Civ. No. 06-1068 (FLW), 2007 WL 1174876, at *3 (D.N.J. Apr. 19, 2007).

6

identifying the clearly defined and serious injury that will result absent an order to seal.³  The Court reiterates that bare reliance on the entry of state court sealing orders entered four years ago, and/or on confidentiality and non-disclosure agreements, are not sufficient bases by themselves to seal these materials.

Finally—and separately—the Court identifies two issues that may preclude sealing some of these materials at all.  First, it appears that at least one exhibit that Onyx seeks to seal—Exhibit 5 to the complaint and the amended complaint [Dkts. 52-14 at 58; 56-1 at 28]—is publicly available (for a fee) via the New Jersey Department of the Treasury website.  If a member of the public can obtain that document, it is difficult to see how it ever could warrant sealing.  Second, Royzenshteyn and Gerashenko filed their MOL on the public docket in the first instance and it has been and remains publicly accessible.  *See* [Dkt. 61-1].  Since that document has been in the public domain for several months, the Court seriously questions whether it now may be sealed.  *See C.G.B. v. Lucia*, Civ. No. 15-3401 (SDW), 2018 WL 6705684, at *2 (D.N.J. Dec. 19, 2018) (citing *Janssen Products, L.P. v. Lupin Ltd.*, Civ. No. 10-5954 (WHW), 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014)) (finding it improper to seal documents that "are already publicly available and therefore cannot be sealed," in that the movant "cannot establish a clearly defined and serious injury that would result if the documents were not sealed given that these documents are already publicly available").  These issues should be addressed in Onyx's supplemental materials.

---

³ The Court will not require Onyx to file new motions to seal.  The Court will reactivate the motions once Onyx files its supplemental materials.

For the reasons stated, it is on this **27th** day of **August, 2024**, hereby

**ORDERED** that that the Clerk shall administratively terminate the motions to seal [Dkts. 52, 55, and 71] pending the filing of Onyx's supplemental submission ordered herein; and it is further

**ORDERED** that no later than September 13, 2024, Onyx shall file via CM/ECF a supplement to the motions to seal that addresses the deficiencies described above, specifically identifying the legitimate private or public interest that warrants the relief sought, and the clearly defined and serious injury that would result to one or more of the parties if the relief sought is not granted; and it is further

**ORDERED** that the materials that are the subject of the motions to seal [Dkts. 12, 14] shall remain under temporary seal pending the Court's review of Onyx's supplemental submission.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　J. BRENDAN DAY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE